UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 12 CR 928-2 |
|---|---|
| v. | Judge Harry D. Leinenweber |
| STEPHEN PATRICK | |

**UNITED STATES' RULE 35 MOTION
FOR REDUCTION OF SENTENCE**

The United States of America, by ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby moves to invoke this Court's jurisdiction pursuant to Federal Rule of Criminal Procedure 35(b)(2)(C) for a reduction of the defendant's sentence to reflect the defendant's substantial assistance after his original sentencing. The government requests that this Court reduce the defendant's sentence of 120 months' incarceration, and recommends a reduction of no greater than approximately 20% of the sentence imposed by this Court (resulting in a corresponding sentence of no less than approximately 96 months). The government makes no further recommendation regarding the amount of the reduction.

**I.  BACKGROUND**

    **A.  Defendant's Conviction and Sentencing**

On May 20, 2010, defendant STEPHEN PATRICK, along with co-defendants John Evans and Carl Murphy, was charged by Superseding Indictment with knowingly and intentionally distributing a controlled substance, namely, 50 grams or more of crack cocaine, in violation of Title 21, United States Code, Section

841(a)(1) [Count Four]. On December 16, 2010, defendant entered a plea of guilty to that charge. The government offered evidence, including defendant's post-arrest statement, reflecting defendant's distribution of approximately 833.4 grams of crack cocaine.

Before sentencing, the PSR concluded that the defendant was responsible for distributing approximately 833.4 grams of crack cocaine. However, Section 2D1.1 of the Guidelines did not control defendant's advisory Guidelines range because defendant was a career offender under Section 4B1.1 due to his felony convictions for aggravated intimidation and possession of a controlled substance with intent to deliver.

On June 28, 2011, defendant was sentenced by the Court to a term of 120 months' imprisonment. In imposing its sentence, the Court found that defendant's base offense level was 37, because he was a career offender. The Court further found that defendant's base offense level was then reduced by 3 levels, resulting in a total combined offense level of 34. The Court also found that defendant's prior conduct placed him in Criminal History Category VI. With a combined offense level of 34 and a Criminal History Category VI, the Court found that defendant's guideline range was 262 months to 327 months imprisonment. Defendant was also subject to a mandatory minimum sentence of 120 months.

**B.    Rule 35**

As a general rule, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v.*

*United States*, 560 U.S. 817, 824 (2010). Rule 35(b)(2)(C) state an exception to this rule, providing:

> Upon the Government's motion made more than one year after sentencing, the Court may reduce a sentence if the defendant's substantial assistance involved: ... information the usefulness of which could not have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

### C. Defendant's Subsequent Substantial Assistance

After his sentencing in June 2011, defendant provided substantial assistance by directing state law enforcement officials to Individual A, whom defendant had mentioned previously as being a witness to the shooting death of Victim A on January 8, 2006. Before his sentencing, defendant had no knowledge that this information would be useful, the shooting having occurred years before and there being no known active investigation.

In 2012, prosecutors with a Cold Homicide Unit of the Cook County State's Attorney's Office began investigating the shooting of Victim A and the information about Individual A, provided by PATRICK, became useful. In 2012, Individual A, a convicted felon, alleged gang member, and alleged drug dealer, agreed to cooperate with state law enforcement officials, including by providing information about the shooters and testifying before grand jury and at trial if needed. Individual A took these actions on behalf of PATRICK.

3

Specifically, in late April or early May 2012, Individual A agreed to be interviewed by members of the Chicago Police Department (hereinafter "CPD") and/or the Cook County State's Attorney's Office about the January 8, 2006 shooting. Individual A explained that on January 8, 2006, he was a guest at a "back to school" party near 73rd and Morgan in Englewood, Illinois. The party was hosted by Eddie Fenton, a Black P Stone gang member, known by Individual A to be a drug dealer in the area. Also in attendance at the party were rival gang members whom Individual A believed Fenton charged for admittance and whom Fenton physically searched. During the party, Individual A, Fenton, and others got into a fist fight with Victim A, a 28-year-old man who was a member of a rival gang, the Gangster Disciples. After Individual A and/or Fenton's sister punched Victim A and knocked him to the ground, Fenton emptied his gun into Victim A. Another man, Donny Moore, fired shots into Victim A as well. CPD officers arrested Fenton after the party but released him after witnesses recanted their statements due to likely intimidation.

Individual A later testified before the grand jury as one of several witnesses against Fenton and Moore. According to Assistant State's Attorneys who handled the investigation, Individual A's testimony was helpful because it explained the circumstances of the party, the gang tensions, and the identities of other participants and witnesses. In July 2012, Fenton and Moore were indicted on

charges of murder and witness intimidation in connection with the January 8, 2006 shooting.

At the time of these charges, Fenton was awaiting trial for the murder of a 17-year-old student at Robeson High School (hereinafter "Victim B") in April 2006 outside a movie theater at Ford City mall on Chicago's Southwest side. On September 28, 2012, Fenton was convicted of the movie theater shooting of Victim B.

After multiple lengthy continuances, Fenton's trial began on the January 8, 2006 shooting of Victim A. Although Individual A agreed to testify at Fenton's trial, Individual A was not called as a witness. The jury convicted Fenton of the charges and he sentenced to 147 years' imprisonment. Fenton's co-defendant, Donny Moore, who fired additional shots into Victim A after Fenton, then proceeded to trial. Individual A testified about the "back to school" party at Moore's trial, and according to the Assistant State's Attorneys who were assigned to the case, Individual A testified truthfully. The jury convicted Moore of the murder of Victim A and he was sentenced to 125 years' imprisonment. As such, it is the government's position that PATRICK, vicariously through Individual A, provided substantial assistance with these state murder cases.

At the time Individual A was cooperating with state law enforcement officials, Individual A was not being paid nor was Individual A cooperating with law enforcement in regard to any pending charges against Individual A. Rather,

Individual A agreed to assist law enforcement officials with their investigation of the shooting death of Victim A with the hope that Individual A's cooperation would result in a sentencing benefit for PATRICK.

The undersigned government counsel has spoken with defendant PATRICK's counsel, and he has expressed no objection to this motion.

## II.  CONCLUSION

Defendant PATRICK, vicariously through Individual A, has provided substantial assistance to law enforcement officials leading to the prosecution and conviction of two individuals.  Accordingly, the United States respectfully requests that the Court grant this motion to reduce PATRICK's sentence.  In light of Individual A's cooperation, the government recommends that PATRICK's sentence be reduced from 120 months to 96 months.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney


By:   /s/ *Carol A. Bell*
       CAROL A. BELL
       Assistant U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 353-8898

Dated: November 23, 2015